IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-2996-K-BK |
| | § | |
| GARY C. THOMAS, ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

**FINDING, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case was referred to the United States Magistrate Judge for pretrial management. Doc. 16. Before the Court is Plaintiff's *Motion for Temporary Restraining Order, Preliminary Injunction and Partial Summary Judgment*, Doc. 39. As detailed herein, Plaintiff's request for a temporary restraining order should be **DENIED**.

Plaintiff filed this action on December 2, 2019 in the Eastern District of New York, alleging that he was wrongfully denied a New Jersey Medical License in January 2014 due to information published by the Texas Medical Board. Doc. 1 at 18. The Texas Medical Board allegedly informed various medical agencies that Plaintiff practiced medicine in Texas during 2013, he made serious clinical mistakes, his practice of medicine did not meet the appropriate standard of care, and he created a risk to patients' health. Doc. 1 at 19.

On December 18, 2019, the Eastern District of New York transferred the case to this Court with no opinion on the merits of the action. Doc. 14. Among other things, Plaintiff seeks a temporary restraining order enjoining the Texas Medical Board Executive Committee from communicating directly with, and conducting investigations against, Texas medical licensees.

Doc. 39 at 2

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). Neither of those requirements are met here.

There is no indication in any of the pleadings that Plaintiff has notified Defendants of this request for a temporary restraining order. That notwithstanding, Plaintiff, who is proceeding without the assistance of counsel, has failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. Indeed, Plaintiff is hard pressed to establish irreparable harm when the events underlying his claim—the denial of his New Jersey medical license—occurred in 2014 and he did not file suit until five years later. Doc. 1 at 18; Doc. 39 at 18 ("Plaintiff suffered the denial of his application for New Jersey medical licensure in 2014"); Doc. 1 at 167 (suit filed December 2, 2019).

Thus, having failed to comply the legal requirements of Rule 65(b)(1), Plaintiff's request for a temporary restraining order, as asserted in the *Motion for Temporary Restraining Order, Preliminary Injunction and Partial Summary Judgment*, Doc. 39, should be **DENIED**.

**SO RECOMMENDED** on April 9, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).