IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SIMMONS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-2996-K-BK |
| | § | |
| COMPLAINANT FOR NYOPMC | § | |
| #CO1307347-A & TMB LEGAL | § | |
| NO. 14-0096, ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

**FINDING, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States Magistrate Judge for pretrial management. Doc. 16. Before the Court are *Defendants' Motion to Dismiss*, Doc. 24, *Plaintiff's Rule 15 Request to Supplement Original Complaint*, Doc. 34, and *Defendants' Motion for Sanctions Against Plaintiff*, Doc. 31. For the reasons that follow, Defendants' motion to dismiss should be **GRANTED**, Plaintiff's motion for leave to amend should be **DENIED**, Defendants' motion for sanctions should be **GRANTED IN PART**, and this case should be **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

Plaintiff filed this action on December 2, 2019 in the Eastern District of New York, alleging that he was wrongfully denied a New Jersey Medical License in January 2014 due to information published about him by the Texas Medical Board ("TMB"). Doc. 1 at 18. Specifically, the TMB allegedly informed a New York medical agency that Plaintiff practiced

medicine in Texas during 2013, he made serious clinical mistakes, his practice of medicine did not meet the appropriate standard of care, and he created a risk to patients' health. Doc. 1 at 19. Plaintiff's *Original Complaint* asserts claims for conspiracy, civil rights violations, and defamation and fraud against Christine Rodriguez (TMB's Officer for Public Information) and TMB executive committee members, all in their individual capacities. Doc. 1 at 155-58. On December 18, 2019, the District Court for the Eastern District of New York transferred the case to this Court. Doc. 14.

Defendants move to dismiss Plaintiff's claims based on, *inter alia*, the doctrine of res judicata. Doc. 25 at 17. Defendants also seek sanctions against Plaintiff to prohibit him from filing a new lawsuit without court approval. Doc. 31 at 1-2. In response, Plaintiff seeks to supplement his original complaint. Doc. 34.

## II.  APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Federal common law applies when a federal court determines the preclusive effect of a prior federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (absent a federal governing statute or rule, the res judicata effect of a federal judgment is determined under federal common law). A claim is barred by federal principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (bracket in original and citation omitted); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

### III.  MOTION TO DISMISS

Upon review of the relevant pleadings and the law, this suit is clearly barred by the doctrine of res judicata, as this is Plaintiff's sixth lawsuit based on the same nucleus of operative facts. *See Simmons v. Doe*, No. 3:19-CV-678-C-BK, 2019 WL 1755511, at *1-2 (N.D. Tex. Apr. 4, 2019) (Toliver, J.) (summarizing Plaintiff's five previous lawsuits), *adopted sub nom. Simmons v. Doe #1*, 2019 WL 1754227 (N.D. Tex. Apr. 19, 2019) (Cummings, J.) (hereinafter, the "Fifth Suit"). During the Fifth Suit, this Court warned Plaintiff that, given his filing history and the frivolous and malicious nature of the claims he had asserted, "if he persist[ed] in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from bringing any further action." *Id.* at *5.

3

Regarding the first res judicata element, the parties in the Fifth Suit and the instant case are the same or in privity therewith because the Fifth Suit alleges claims against "unidentified individuals employed by or affiliated with [TMB], specifically, John Doe **TMB's members**, investigators, panel experts, and ***executive committee members***—all sued in their individual capacities." *Id.* at *1 (emphasis added); *compare with* Doc. 1 at 1 (Complaint asserting claims against TMB's Officer for Public Information and executive committee members).

The second and third res judicata elements are satisfied because this Court's judgment in the Fifth Suit, dismissing all of Plaintiff's claims with prejudice, was issued by a court of competent jurisdiction. *Simmons*, 2019 WL 1754227 at *1; *see Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (holding district court's dismissal with prejudice was a final judgment on the merits).

Fourth, this suit and the Fifth Suit—along with Plaintiff's four previous lawsuits—involve essentially the same claims. "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters*, 428 F.3d at 571 (citation omitted). Stated differently, if the two actions are based upon "the 'same nucleus of operative facts,'" the latter is barred by res judicata. *Id.* Here, the Fifth Suit and the present suit are based on the same nucleus of operative facts because Plaintiff alleges that "individuals either employed by or affiliated with TMB made false statements to the New York State Department of Health to encourage an investigation and deprive him of his New York medical license violating his civil rights." *Simmons*, 2019 WL 1755511, at *2; Doc. 1 at 18-19 (alleging same). Plaintiff also alleges in both suits that Defendants:

> (1) conspired to initiate sham board proceedings against him, in violation of 42 U.S.C. § 1983; (2) discriminated against him, in violation of 42 U.S.C. § 1985; (3)

4

>deprived him of "due process and liberty interests based on the false accusations that he committed a crime in his profession," in violation of Section 1983; and (4) "deprive[d] him of his ability to make business contracts across the United States," in violation 42 U.S.C. § 1981.

*Id.*; *compare with* Doc. 1 at 28-34 (alleging substantially the same).  Defendants correctly note that the only relevant, distinguishable fact present in Plaintiff's current suit is his reference to an open records request made to TMB in August 2019.[1]  Doc. 25 at 5-6 (citing Doc. 1 at 25-27).  The open records request, however, has no impact on the current case because it seeks documents relating to TMB's 2014 investigation against Plaintiff, and that issue was addressed in the Fifth Suit.  *See Simmons*, 2019 WL 1755511, at *3-4 (dismissing Plaintiff's challenges to the Court's order granting TMB's motion to quash when the subpoena sought documents and records regarding TMB's 2014 investigation against Plaintiff).

The claims in this suit and the Fifth Suit originate from a common nucleus of operative facts; therefore, Plaintiff's current claims are barred by res judicata.[2]  Accordingly, *Defendants' Motion to Dismiss*, Doc. 24, should be **GRANTED** and Plaintiff's case should be **DISMISSED WITH PREJUDICE**.

### IV. LEAVE TO AMEND

*Plaintiff's Rule 15 Request to Supplement Original Complaint* seeks to include "recent affirmative acts made by the defendants" to supplement his conspiracy claims, Doc. 34 at 3, namely, Defendants' pursuit of sanctions against Plaintiff based on his repeated attempts to

---

[1] To the extent Plaintiff attacks Defendants' actions and the Court's judgments in his prior cases, Doc. 28 at 22-23, his arguments cannot succeed.  *See New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) (if a party can only prevail by convincing the court that a prior judgment was in error, the later suit is barred).

[2] Because the Court finds that Plaintiff's claims are barred by res judicata, it need not address Defendants' remaining arguments.

5

relitigate his claims, Doc. 34-1 at 10; Doc. 35-1 at 1-2; Doc. 36 (Defendants' correspondence and motion filed in support of Plaintiff's motion).

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As outlined herein, Plaintiff's claims are duplicative of claims raised and rejected in previous cases. The fact that Defendants are now pursuing sanctions does not arise from the factual scenario posited in Plaintiff's complaint or otherwise relate back to his claims in this lawsuit. Accordingly, since permitting amendment would be futile and cause needless delay, *Plaintiff's Rule 15 Request to Supplement Original Complaint*, Doc. 34, should be **DENIED**. *Smallwood v. Willow Way, LLC,* No. 3:19-CV-1708-B-BN, 2019 WL 7040450, at *5 (N.D. Tex. Nov. 12, 2019) (Horan, J.) ("The conclusion that the claims in this action are barred by res judicata also means that leave to amend should be denied as futile."), *adopted by* 2019 WL 7040254 (N.D. Tex. Dec. 20, 2019) (Boyle, J.).

## V.  IMPOSITION OF SANCTIONS

*Defendants' Motion for Sanctions Against Plaintiff*, filed pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, Doc. 31, requests that:

> (1) Plaintiff be declared a vexatious litigant; (2) Plaintiff be barred from any more filings in this case; and (3) Plaintiff be barred from filing a new lawsuit unless he first files a motion for leave to file a complaint that includes a copy of any recommendation and/or order imposing the filing restrictions and a copy of the proposed complaint, and a judge of that court has granted him leave to file the complaint.

Doc. 31 at 1-2. Plaintiff responds, unpersuasively, that sanctions are not appropriate because this suit concerns actions taken in one of his prior federal cases and his 2019 open records request and his previous five suits do not. Doc. 38 at 2-3.

6

Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

Here, Plaintiff blatantly ignored this Court's warning about the imposition of monetary sanctions. *Simmons*, 2019 WL 1755511, at *5 (citing FED. R. CIV. P. 11(b)(2), (c)(1)). Therefore, the Court recommends that Plaintiff be prohibited from filing any further action *in forma pauperis* in this Court until he pays to the Clerk of the Court the sum of $1,500 as a sanction for his continued filing of frivolous complaints.[3] *Bryant v. Plains Nat. Bank of Lubbock, Tex.*, No. CIV.A. 505CV034J, 2005 WL 1704946, at *3 (N.D. Tex. July 19, 2005) (Robinson, J.) (ordering each plaintiff to pay $500.00 in sanctions when complaint was clearly barred by res judicata). The Court should further warn Plaintiff that it if he files another lawsuit based on the same set of operative facts, that additional sanctions may be imposed, including the imposition of a pre-filing injunction. *Id.* (imposing Rule 11 sanction to prohibit plaintiff "from filing any further federal complaints in the Northern District of Texas without first obtaining leave of court to do so.").

---

[3] A lesser monetary sanction is unlikely to deter Plaintiff given his apparent ability to pay the $400.00 filing fee in this case. Doc. 10.

Accordingly, *Defendants' Motion for Sanctions Against Plaintiff*, Doc. 31, should be **GRANTED IN PART** to the extent stated *supra*.

## VI. CONCLUSION

For the reasons stated herein, *Defendants' Motion to Dismiss*, Doc. 24, should be **GRANTED**, *Plaintiff's Rule 15 Request to Supplement Original Complaint*, Doc. 34, should be **DENIED**, *Defendants' Motion for Sanctions Against Plaintiff*, Doc. 31, should be **GRANTED IN PART**, this case should be **DISMISSED WITH PREJUDICE**, and a sanction should be imposed against Plaintiff as described above. The Clerk of the Court should then be directed to close this case.

**SO RECOMMENDED** on June 26, 2020.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).